UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SIOUX BREEDERS, L.L.C.,

        Plaintiff,

v.                                                      Case Number 07-14823-BC
                                                      Honorable Thomas L. Ludington

GEOSTAR FINANCIAL SERVICES
CORPORATION,

        Defendant,

GASTAR EXPLORATION LTD.,

        Garnishee.
_____/

## ORDER FOR DEFENDANT TO SHOW CAUSE WHY ITS OBJECTION TO WRIT OF GARNISHMENT SHOULD NOT BE OVERRULED AS MOOT AND GRANTING GARNISHEE'S MOTION TO DISMISS FOR LACK OF JURISDICTION

On June 23, 2008, Plaintiff Sioux Breeders filed a first amended complaint [Dkt. # 11], alleging a breach of contract claim against Defendant GeoStar Financial Services Corporation. Plaintiff contended that it exercised an option under a contract with Defendant to sell back shares of Gastar stock to Defendant for $5.00 per share. Pursuant to the contract, Plaintiff tendered the shares to an escrow agent, but Defendant refused to pay a total of $1,610,880.00. On April 29, 2009, the Court granted summary judgment in Plaintiff's favor, and directed Plaintiff to file a proposed judgment. *See* [Dkt. # 33]. On June 2, 2009, the Court entered the following judgment, proposed by Plaintiff, after having received no objections from Defendant:

>The Court, having issued its Order Granting Plaintiff's Motion for Summary Judgment . . . and Directing Plaintiff to File a Proposed Judgment . . ., and the Court being fully advised in the premises;

NOW, THEREFORE, IT IS ORDERED that a judgment in favor of Plaintiff Sioux Breeders, LLC and against Defendant GeoStar Financial Services Corporation in the amount of One Million Six Hundred Ten Thousand Eight Hundred Eighty and 00/100 Dollars ($1,610,880.00), plus interest under MCL § 600.6013 from November 8, 2007 and which continues to accrue, plus costs and attorneys' fees.

[Dkt. # 35].

Now before the Court is Defendant's objection to writ of garnishment [Dkt. # 69], filed on July 31, 2009; and Garnishee Gastar Exploration Ltd.'s motion to dismiss for lack of jurisdiction [Dkt. # 70], filed on July 31, 2009.  Each will be addressed below.

I

Generally, Defendant objects to the writ of garnishment served upon GeoStar Corporation by Plaintiff because "no procedure has been set forth to transfer the shares of stock following payment of the judgment."  Thus, Defendant contends that Plaintiff could potentially recover the full amount of the judgment while retaining the stock, which has been placed with Plaintiff's escrow agent.  Defendant requests that the Court order a suspension of garnishment proceedings unless and until a procedure is approved for conveying the shares of stock to Defendant in conjunction with payment of the judgment.

In a response [Dkt. # 81] filed August 14, 2009, Plaintiff emphasizes that Defendant did not object to the proposed judgment that Plaintiff submitted to the Court on May 13, 2009.  Plaintiff contends that Defendant should have raised the issue of disposition of the Gastar shares before entry of the judgment on June 2, 2009.  Plaintiff emphasizes that the judgment has not yet been satisfied and that Plaintiff "will be glad to assign the stock to Defendant" after receiving the full amount of the judgment.  Plaintiff contends that collection efforts should be allowed to continue until the judgment is paid in full.

At a status conference on September 14, 2009, counsel for the parties represented that they anticipated working out a stipulation regarding Defendant's objection. Counsel represented that this should be accomplished in about one week. After over sixty days had passed and the Court had not received the anticipated stipulation, the Court contacted counsel via email to inquire as to whether a stipulation would be forthcoming. Counsel for Plaintiff confirmed his intent to work with counsel for Defendant to prepare a stipulation, but no response was received from counsel for Defendant. Thus, the Court will order Defendant to show cause why its objection to the writ of garnishment should not be overruled as moot.

II

On July 10, 2009, Plaintiff obtained a writ of nonperiodic garnishment against Gastar regarding property belonging to Defendant. In its motion, Gastar contends that the writ of garnishment should be dismissed for lack of personal jurisdiction because Gastar is not subject to either specific or general personal jurisdiction in Michigan. Gastar contends that, pursuant to Mich. Comp. Laws § 600.4011(1)(a), garnishment of personal property is proper only if the garnishee "is subject to the judicial jurisdiction of the state and the personal property to be applied is within the boundaries of the state." In the alternative, Gastar contends that the writ of garnishment should be quashed for improper service of process because Plaintiff did not serve an officer or director of Gastar or mail a copy to Gastar at its corporate office.

The court may exercise personal jurisdiction over an out-of-state defendant only after confirming that the state long-arm statute authorizes jurisdiction over the nonresident defendant, and that the exercise of personal jurisdiction would not deny the defendant the constitutional right to due process of law. *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Generally,

there are two types of personal jurisdiction: general personal jurisdiction and specific or limited personal jurisdiction. The principles of general jurisdiction are applied when the plaintiff's cause of action is unrelated to the defendant's in-state activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984). Specific jurisdiction is applied when the plaintiff's cause of action arises out of the defendant's transactions of business with the forum state. *Id.* at 414 n.8. If a plaintiff establishes a court's personal jurisdiction through specific jurisdiction, a court must find a basis to exercise jurisdiction over the defendant with respect to each individual claim. *Preferred RX, Inc. v. Am. Prescription Plan, Inc.*, 46 F.3d 535, 550-51 (6th Cir. 1995).

The Sixth Circuit has set forth a three-part test to determine whether specific jurisdiction exists over a nonresident defendant:

> First, the defendant must purposefully avail himself of the privilege of conducting activities within the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make its exercise of jurisdiction over the defendant fundamentally fair.

*Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) (internal citations omitted). A cause of action clearly "arises from" purposeful availment if the cause of action would not exist but for the contacts cited. *See Theunissen v. Matthews*, 935 F.2d 1454, 1461 (6th Cir. 1991); *Payne v. Motorists' Mutual Ins. Cos.*, 4 F.3d 452, 456 (6th Cir. 1993). Although this does not require that a plaintiff's claims arise "formally and directly" from the defendant's contacts with Michigan, the claims must still "have a substantial connection with the defendant's in-state activities." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1275 (6th Cir. 1998). "[W]hen the operative facts of the controversy are not related to the defendant's contact with the state," the cause of action does not arise from that contact. *Id.*

Gastar contends that it is not subject to general or personal jurisdiction based on the following facts alleged in a declaration [Dkt. # 70-3] made by Gastar's President and Chief Executive Officer J. Russell Porter, dated July 27, 2009: Gastar is a corporation organized under the laws of Alberta, Canada, with its principal place of business in Houston, Texas. From September 2000 to February 2004, Gastar's headquarters and principal place of business were located in Mount Pleasant, Michigan. From February 2004 to March 2005, Gastar's president and CEO performed his duties from Florida, while most of the other Gastar officers remained in Mount Pleasant. In March 2005, Gastar's headquarters and principal place of business were relocated to Houston, Texas, where they have remained continuously since that time. Since March 2005, Gastar has not maintained any offices in Michigan, nor owned or disposed of any real property located in Michigan. Nor, since the end of 2006, has Gastar held any operating bank accounts in Michigan. Gastar is not authorized to transact business in Michigan. Gastar is an active corporation in the jurisdictions in which it is authorized to do business, which do not include Michigan.

In response [Dkt. # 85], Plaintiff does not dispute any of Gastar's factual allegations. Plaintiff's only contention is that this Court has already held that it has personal jurisdiction over Gastar in *Geostar Corp. v. Gastar Exploration Ltd.*, No. 07-12854, 2008 WL 161902 (E.D. Mich. Jan. 15, 2008), vacated in part, 2008 WL 360804 (Feb. 8, 2008). There, the Court found that it could exercise general personal jurisdiction over Gastar, and alternatively, that it had specific jurisdiction over the particular claims raised.

The case now before the Court is distinguishable for two main reasons. First, Plaintiff has not alleged any facts to support specific jurisdiction over Gastar. While Plaintiff's breach of contract claim against Defendant Geostar Financial Services Corporation may have arisen from

-5-

Defendant's contacts with Michigan, no facts have been advanced to show that Garnishee Gastar participated in the transaction.

Second, over eighteen months have passed since the Court addressed the issue of general jurisdiction over Gastar in *Geostar Corp. v. Gastar Exploration Ltd.*, No. 07-12854, 2008 WL 161902. There, the Court explained that Gastar did not "instantaneously remove Michigan courts' jurisdiction over it by relocating its headquarters and principle place of business to another state." *Geostar*, 2008 WL 161902, at *10. The Court did not find that general jurisdiction would exist ad infinitum. It has now been four and a half years since Gastar maintained any offices in Michigan or owned or disposed of any real property located in Michigan. Similarly, it has been nearly three years since Gastar even maintained an operating bank account in Michigan. Based on the facts advanced, Gastar is no longer subject to general personal jurisdiction in Michigan. Thus, the Court will grant Gastar's motion to dismiss for lack of jurisdiction, and will not reach Gastar's alternative argument that the writ of garnishment should be quashed for improper service of process.

Accordingly, Defendant Geostar Financial Services Corporation is **ORDERED** to **SHOW CAUSE** in writing, why its objection to writ of garnishment [Dkt. # 69] should not be overruled as moot on or before **December 22, 2009**.

It is further **ORDERED** that Garnishee Gastar Exploration Ltd.'s motion to dismiss for lack of jurisdiction [Dkt. # 70] is **GRANTED**. The writ of garnishment [Dkt. # 61] is **DISMISSED**.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: December 8, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 8, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS